**SO ORDERED.**

**SIGNED this 31 day of January, 2007.**



_____
**ROBERT E. NUGENT**
**UNITED STATES CHIEF BANKRUPTCY JUDGE**
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: ) | |
| ) | |
| MARY ANN VILLA, ) | Case No. 05-13309 |
| ) | Chapter 7 |
| Debtor. ) | |
| _____) | |
| J. MICHAEL MORRIS, Trustee, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Adv. No. 05-5737 |
| ) | |
| HOME PRIDE FINANCE CORPORATION, ) | |
| 21ST MORTGAGE CORPORATION and, ) | |
| SOUTH SIDE HOMES, INC., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## MEMORANDUM OPINION

In this adversary proceeding, J. Michael Morris, trustee of the debtor's bankruptcy estate, exercises his hypothetical lien creditor avoidance powers to challenge the timeliness of

1

defendant 21st Mortgage Corporation's (Creditor) efforts to perfect its security interest in debtor's mobile home pursuant to KAN. STAT. ANN. § 58-4204(g). Alternatively, the Trustee seeks to amend his complaint to (1) add a claim that the sale of the mobile home was fraudulent and void because title was never delivered to the debtor and (2) request turnover of all payments made to Creditor under the security agreement pursuant to KAN. STAT. ANN. § 58-4204(h).[1]

The parties submitted this matter to the Court on stipulated facts[2] and briefs.[3] After careful review of the stipulations and authorities, the Court is now ready to rule and makes its findings of facts and conclusions of law in accordance with Fed. R. Civ. P. 52 and Fed. R. Bankr. P. 7052.

Jurisdiction

The Court has jurisdiction over this adversary proceeding.[4] This adversary proceeding is a core proceeding.[5]

Factual Background

The debtor, Mary Ann Villa, purchased a manufactured home from a dealer on June 17, 2003. She executed a note and security agreement, granting a purchase money security interest in the mobile home to the dealer. Immediately thereafter, the dealer assigned its paper to Home Pride Finance Corp. ("Home Pride"). The dealer never delivered any title to the mobile home to

---

[1] See Dkt. 38, Trustee's Motion to File Amended Complaint. All further references to the Kansas Statute Annotated will be referred to as "K.S.A."

[2] Dkt. 24.

[3] Dkts. 31, 34, and 40.

[4] 28 U.S.C. § 1334.

[5] 28 U.S.C. § 157(b)(2)(K).

2

the debtor. Instead, on or about June 18, 2003, the dealer mailed the certificate of title to Home Pride, transferring ownership of the mobile home to debtor. A certificate of title has never been issued listing Debtor as the owner of the mobile home. The mobile home was delivered to debtor before August 1, 2003.

On July 1, 2003, Home Pride granted a continuing irrevocable power of attorney to Creditor and assigned its interest in the debtor's obligation and security interest to Creditor. On August 15, 2003, a properly completed Notice of Security Interest (NOSI), reflecting a lien to Home Pride was filed with the Kansas Department of Revenue, along with the requisite fee. Between June 14, 2003 and August 15, 2003, no other individual or entity obtained a lien in the mobile home.

Debtor filed this bankruptcy case on May 31, 2005. Creditor received payments totaling $9,770.46 pursuant to the security agreement prior to Debtor's bankruptcy.

Analysis

**A.    Creditor failed to perfect its security interest because of late-filing of NOSI.**

Section 544 of the Bankruptcy Code grants the Trustee the powers of a hypothetical lien creditor.[6] Article 9 of the Uniform Commercial Code grants a lien creditor priority over the holder of an unperfected security interest in personal property.[7] Therefore, if Creditor's security interest is not adequately perfected under Kansas law, the Trustee may avoid that interest under §

---

[6] 11 U.S.C. § 544(a). This case predates the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). References to Title 11 of the United States Code refer to the Bankruptcy Code as it existed prior to BAPCPA.

[7] *See* K.S.A. § 84-9-317(a)(2)(A) (2005 Supp.). Under K.S.A. § 84-9-102(52) (2005 Supp.) a trustee in bankruptcy is a lien creditor from the date of the filing of the bankruptcy petition.

3

544 and retain it for the benefit of the estate under § 551. Because mobile homes are the subject of a certificate of title statute ("CT Statute"), a secured party claiming a security interest in one need not file a financing statement to perfect its security interest. Rather, the lienholder must comply with the CT Statute's provisions as discussed below.

K.S.A. § 84-9-311(a) renders the filing of a financing statement unnecessary in cases involving certificate of title property. Subsection (b) of that statute renders compliance with the CT Statute the equivalent of filing a financing statement. Thus, a security interest in a mobile home can only be perfected by compliance with the applicable CT Statute, K.S.A. § 58-4204(g).[8]

21st Mortgage claims a purchase money security interest in the mobile home and accordingly was required to follow the filing procedures outlined in K.S.A. § 58-4204 which provides, in part:

> (g) *Upon sale and delivery to the purchaser of every manufactured home or mobile home subject to a purchase money security interest*, as provided for in article 9 of chapter 84 of the Kansas Statutes Annotated, and amendments thereto, *the dealer or secured party may complete a notice of security interest* and, when so completed, the purchaser shall execute the notice, in a form prescribed by the director, describing the manufactured home or mobile home and showing the name and address of the secured party and of the debtor and such other information as the director may require. *The dealer or secured party may, within 10 days of the sale and delivery, mail or deliver the notice of security interest, together with a fee of $2.50, to the division.* The notice of security interest shall be retained by the division, until it receives an application for a certificate of title to the manufactured home or mobile home and a certificate of title is issued. The certificate of title shall indicate any security interest in the manufactured home or mobile home. Upon issuance of the certificate of title, the division shall mail or deliver confirmation of the receipt of the

---

[8] As set out at K.S.A. § 84-9-311(b), "a security interest in [certificate of title property] may be perfected only by compliance with those requirements [of the certificate of title law]."

4

> notice of security interest, the date the certificate of title is issued
> and the security interest indicated, to the secured party at the
> address shown on the notice of security interest. *The proper
> completion and timely mailing or delivery of a notice of security
> interest by a dealer or secured party shall perfect a security
> interest in the manufactured home or mobile home described on
> the date of such mailing or delivery.*

[Emphasis supplied].[9]

In this case, the parties stipulate that (1) the sale of the mobile home occurred on June 16, 2003, (2) delivery of the mobile home to the debtor was prior to August 1, 2003, and (3) the NOSI was filed on August 15, 2003. The trustee argues that under subsection (g), the "dealer or secured party" (Home Pride/Creditor) had a limited time (10 days) in which to file a NOSI, and because the NOSI was mailed or delivered outside of the 10-day period and Creditor failed to apply for a secured title, Creditor's security interest is unperfected. Creditor rejoins that it fully complied with K.S.A. 58-4204 and obtained a valid, perfected security interest in the mobile home as of the date it filed the NOSI. Creditor argues that applying the statute as suggested by the Trustee is contrary to legislative intent and the "first in time, first in right" policy.

While no Kansas state or federal court cases directly refer to this issue, the answer lies in reading both the UCC and K.S.A. § 58-4204 together. Section 9-311(b) makes complying with the CT statute "equivalent to the filing of a financing statement . . . " and later plainly states that such a security interest "may be perfected only by compliance with those requirements . . ." As noted above, K.S.A. 58-4204(g) plainly provides for the completion and delivery of a NOSI, along with the requisite fee, to the Division of Vehicles within 10 days of delivery. As the last

---

[9]K.S.A. 58-4204(g) parallels the provision on motor vehicles found in K.S.A. 8-135(c)(5) (2005 Supp.).

sentence of that subsection plainly states, "[t]he proper completion *and* timely mailing or delivery of a notice of security interest by a dealer or secured party shall perfect a security interest in the manufactured home or mobile home described on the date of such mailing or delivery." There appears to be no ambiguity here and the Court must conclude that the Legislature's usage of the conjunctive "and" means that completion and timely filing are both necessary predicates to perfection. Under the CT Statute's plain language, if the NOSI is not delivered timely, it does not perfect the filer's lien. Accordingly, perfection under K.S.A. § 84-9-311(b) has not occurred and the trustee's lien creditor status entitles him to priority.[10]

In its brief, 21st Mortgage likens the provisions of K.S.A. § 58-4204(g) to a relation-back provision and argues that failure to file the NOSI within 10 days merely results in loss of the protection of what it calls the "safe harbor" provision, but still serves to perfect the security interest on the date the NOSI is filed. This Court questions whether K.S.A. § 58-4204(g) confers a safe harbor at all. If it did, the language " . . . shall perfect a security interest . . . *on the date of such mailing or delivery*" would be rendered meaningless. Nothing in the CT Statute provides for the timely filing to "relate back." Instead, the Court concludes that the only way to read the UCC and the CT Statute together sensibly is to measure whether a secured party's filing is sufficient to be the equivalent of a financing statement by looking to K.S.A. § 58-4202(g) and, if it is, by resolving all other questions of priority measuring the "financing statement equivalent" against the standards found in part 3 of Article 9. Taking that approach, a valid NOSI filing is

---

[10] This Judge and other bankruptcy judges sitting in Kansas have similarly held, either with respect to this statute or the nearly identical motor vehicle perfection statute, K.S.A. § 8-135(c)(5). *See Redmond v. MHC Financial Services Inc. (In re Barker)*, ___ B.R. ___, 2007 WL 64073 (December 4, 2006, Berger, B.J.), and *Morris v. Advantedge Quality Cars, L.L.C. (In re Tholl)*, 2004 WL 2334543 (February 17, 2004, Nugent, C.B.J.).

accomplished only by completing and delivering the NOSI, along with the fee, to the filing office within 10 days of delivery. In this case, that did not occur and, accordingly, 21st Mortgage's security interest is unperfected.

While 21st Mortgage's policy considerations are not without merit, they cannot supplant the plain meaning of the statute. While the Legislature undoubtedly sought to reinforce the "first in time, first in right policy" by establishing a system of perfecting liens in mobile and manufactured homes, it also sought to further a policy of prompt filings to eliminate questions about titles to and interests in, mobile collateral. While this system may not be perfect, it is not for this or any other court to remedy those imperfections.

Because 21st Mortgage failed to perfect its security interest in the mobile home by complying with K.S.A. § 58-4202(g), its security interest is subordinate to the interests of lien creditors under K.S.A. § 84-9-317 and the trustee may avoid it using his hypothetical lien creditor powers under § 544(a).

**B.     The Trustee's Motion to File Amended Complaint is Untimely.**

In his opening brief, the Trustee raised for the first time a claim that because the debtor never received an endorsed certificate of title from South Side Homes, the seller, the sale transaction is fraudulent and therefore void under K.S.A. § 58-4204(h). This claim was absent from the Trustee's complaint and now, after the filing of stipulations in this case, he seeks to amend his complaint to (1) add a claim that the sale of the mobile home was fraudulent and void because title was never delivered to the debtor and (2) request turnover of all payments made to Creditor under the security agreement.[11]  In light of the forgoing ruling by the Court declaring

---

[11]  See Dkt. 38, Trustee's Motion to File Amended Complaint.

7

the creditor's security interest unperfected, little need be said about the Trustee's motion because he has already prevailed on his first count. However, the Court observes that nothing in the proposed amended complaint is based upon information received by the Trustee after the stipulations were entered. In general, once stipulations are submitted, the record is closed unless some circumstance warrants reopening the record. Just as a the Court is extremely reluctant to allow amendments to pleadings once the pretrial order is final, post-stipulation amendments are strongly disfavored.

While F.R.Civ. P. Rule 15 and F.R. Bankr. P. 7015 provide that leave to amend a complaint shall be freely given when justice so requires, such leave is not automatic. The court must inquire into undue delay by the movant and undue prejudice to the party opposing the amendment.[12] After giving both matters due consideration, the Trustee's request to amend is denied because of the delay of nearly a year in adding this relief. The facts forming the basis for the claim the Trustee wishes to add were known long before he moved to amend his complaint.

The requested amendment would, in effect, constitute the commencement of a new and different cause of action. An action based on K.S.A. 58-4204(g) non-compliance is different from an action based on K.S.A. 58-4204(h), not only in the basis for the claim and its allegations but in the type and measure of damages, not least because if the sale itself was void, the debtor never received rights in the collateral and, arguably, the creditor's security interest never attached under K.S.A. § 84-9-203. Thus, the Trustee's delay in requesting an amendment to the

---

[12] Fed.R.Civ.P. 15(a); *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

complaint is prejudicial to Creditor, who is effectively deprived of a defense.[13]  Had the Trustee filed his motion to amend the complaint before the deadline to submit full stipulations, the Court may have ruled differently.[14]

The Trustee's Motion to File Amended Complaint is denied.

Conclusion

Judgment should be entered for the Trustee on his Complaint to avoid Creditor's security interest in the debtor's mobile home.  The Trustee's Motion to File Amended Complaint is denied.  A Judgment on Decision will issue this day.

# # #

---

[13] Cf. *Rufenacht, Bromagen, and Hertz, Inc. v. Russell*, 69 B.R. 394 (D.Kan. 1987) (delay in requesting an amendment to the complaint which constitute a new and different cause of action is prejudicial in that it effectively deprives the party opposing the amendment of a defense).

[14] The Court considers the parties' stipulations the equivalent of a pretrial order that implicitly limits the issues for trial to those currently pled in the Complaint.

9